JAMES R. HOMOLA  #60244
Attorney at Law
2950 Mariposa, Suite 250
Fresno, California 93721
Telephone: (209) 441-7111

Attorney for Defendant
STEPHEN HILL

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 16 CR 190 DAD |
| vs. | |
| | MOTION FOR EARLY TERMINATION |
| STEPHEN HILL, | OF SUPERVISED RELEASE |
| Defendant. | NO HEARING REQUESTED |

Defendant STEPHEN HILL hereby moves the Court to terminate his term of supervised release pursuant to 18 USC §3583(e)(1). The 4-year term of supervised release began on March 1, 2019.  Mr HILL has already completed three years of his four-year supervisory term.

Mr. HILL is being supervised in the Eastern District of California, where he lives and works.

The Probation Officer has indicated that Mr. HILL is in full compliance, and that she has no objection to this petition.  Assistant U.S. Attorney Kimberly Sanchez has been contacted, and likewise, will not object.

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  No hearing is requested for this petition.

Section 3583(e) directs the Court to consider the purposes of sentencing, set forth in 18 USC §3553 in deciding whether to terminate a term of supervised release.  The Judicial Counsel directs that "Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible," and has identified the following criteria to assess eligibility for early termination:

1. Stable community reintegration (residence, family, employment);
2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. No history of violence (sexuaslly assaultive, predatory behavior or domestic violence);
5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
6. No recent evidence of alcohol or drug abuse;
7. No recent psychiatric episodes;
8. No identifiable risk to the safety of any identifiable victim; and
9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

[Guide to Judiciary Policy, Vol 8E, Ch. 3, §380.10(b), "Early Termination."]

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for release of supervisees after the first 18 months, if they are not "career violent and/or drug offenders, sex offenders or terrorists," if they present no identified risk to the public or victims, and if they are "free from any moderate or high severity violations."

  Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all U.S. District Court Judges, encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum noted that, in 2012, that supervision costs approximately $3,938 per case, per year. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination wre "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, from a policy standpoint, it appears that the above criteria, when properly applied, early release does not jeopardize public safety.

  Mr. HILL satisfies all the factors set forth for early termination. He has completed all terms of supervision, and has no need for programming or treatment. There is no restitution obligation, and Mr. HILL has fully complied with all conditions of supervision.

  Mr. HILL was convicted of conspiracy to distribute cocaine in December, 2017, and sentenced to serve 32 months in custody, followed by four years of supervised release. He served his prison time, and three years of the term of supervised release without incident.

  Mr. HILL is steadily employed as a delivery driver for Amazon, and coaches football, as a volunteer, at McClain High School. He resides in Fresno, with his girlfriend, and her four children. His sister, aunt and grandmother also reside in the Fresno area. Terminating Mr HILL's supervised release would enable him to better support his family, allowing him more flexibility in his employment.

    Mr. HILL has complied with every condition, and completed everything asked of him, in connection with his supervised release. He has fully reintegrated into society, and is a valued worker, family member and citizen of his community.  He is in full compliance with all terms of supervision. He had no aggravated role in his offense, possessed no weapons, and used no violence; he is not using controlled substances.  He has no psychiatric issues, and enjoys the support of his family and community.  He is a proper candidate for early termination of supervised release, based on all criteria the Court must consider.

    Given Mr. HILL's commendable reentry into the community, and performance on supervised release, he respectfully requests that the Court order that his supervised release be terminated, pursuant to 18 USC §3583(e).

    Respectfully submitted,

DATED April 5, 2022     /s/ James R. Homola
                         JAMES R. HOMOLA
                         Attorney for
                         STPHEN HILL

ORDER

    Pursuant to 18 USC §3583(e)(1), and without opposition, the Court hereby terminates the term of supervised release in this case, and discharges Mr. HILL from supervision for the reasons set forth above.

IT IS SO ORDERED.

Dated: **April 12, 2022**     _____
                                     UNITED STATES DISTRICT JUDGE